1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8

MICHAEL HENDERSON,

9                                          Case No. 16-cv-01090 RMW (PR)
                   Plaintiff,

10                                         **ORDER OF SERVICE; DIRECTING**
        v.                                 **DEFENDANT TO FILE DISPOSITIVE**
11                                         **MOTION OR NOTICE REGARDING**
                                           **SUCH MOTION**
12  DEPUTY SING, et al.,

13                Defendants.

14

15         Plaintiff, a California state pretrial detainee, proceeding pro se, filed a civil rights

16  complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma

17  pauperis in a separate order.  For the reasons stated below, the court orders service on Deputy

18  Hamilton and dismisses the remaining defendants.

19                              **DISCUSSION**

20  A.     Standard of Review

21         A federal court must conduct a preliminary screening in any case in which a prisoner seeks

22  redress from a governmental entity or officer or employee of a governmental entity.  See 28

23  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

24  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25  Case No. 16-cv-01090 RMW (PR)
26  ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE
    REGARDING SUCH MOTION

27                                         1

28

monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

In the complaint, plaintiff alleges that in February 2016, he was housed at the Santa Rita Jail.  While at the jail, plaintiff got sick and was placed on antibiotics and prednisone for asthma.  On February 11, 2016, plaintiff filed an administrative grievance complaining about being forced to be in the freezing cold while he was wheezing and coughing.  Plaintiff states that, as a result of the grievance, Deputy Hamilton instructed jail staff not to answer plaintiff's call button.  Plaintiff describes needing help because of wheezing and shortness of breath, but no one assisted him.  Plaintiff also declares that Deputy Hamilton "tossed" plaintiff's cell during a search and then threatened plaintiff that if plaintiff submitted an administrative grievance naming Deputy Hamilton, plaintiff would get the "ass whooping of [his] life."  Liberally construed, plaintiff has stated a cognizable claim of retaliation against Deputy Hamilton.

Plaintiff has also named as defendants Deputy Sing, Alameda County Sheriff's Department, and Corizon Health Services.  However, plaintiff proffers no facts linking Deputy Sing to any constitutional violation.  At most, plaintiff states that he informed Deputy Sing that he needed medical help, but plaintiff did not receive medical help until the nurse came to aid him.  Instead, Deputy Sing asked plaintiff if plaintiff needed to have his blood sugar checked.  About 45 minutes after the nurse checked plaintiff, Deputy Sing came back to plaintiff and directed plaintiff to cuff up.  Even liberally construed, plaintiff has not set forth sufficient, plausible facts to state a

Case No. 16-cv-01090 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

2

United States District Court
Northern District of California

cognizable claim of any constitutional violation against Deputy Sing. Similarly, plaintiff proffers no facts linking Corizon Health Services to any constitutional violation.

Further, although local governments are "persons" subject to liability under 42 U.S.C. Section 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), in order to impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not done so.

Accordingly, Deputy Sing, Corizon Health Services, and the Alameda County Sheriff's Department are dismissed with leave to amend if plaintiff believes in good faith that he can state a cognizable claim against them.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the Notice of Removal and all attachments thereto, and a copy of this order to Deputy Hamilton at the Santa Rita Jail.

The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the Alameda County Counsel at 1221 Oak Street, Suite 450, Oakland CA 94612. The clerk shall mail a copy of this order to plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant

Case No. 16-cv-01090 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE
REGARDING SUCH MOTION

3

United States District Court
Northern District of California

to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of

plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of

such service unless good cause is shown for his failure to sign and return the waiver form.  If

service is waived, this action will proceed as if defendant had been served on the date that the

waiver is filed and defendant will not be required to serve and file an answer before sixty (60)

days from the date on which the request for waiver was sent.  Defendant is asked to read the

statement set forth at the bottom of the waiver form that more completely describes the duties of

the parties with regard to waiver of service of the summons.  If service is waived after the date

provided in the Notice but before defendant has been personally served, the Answer shall be due

sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from

the date the waiver form is filed, whichever is later.

3.      No later than sixty (60) days from the filing date of this order, defendant shall file a

motion for summary judgment or other dispositive motion with respect to the cognizable claims in

the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation

and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is

advised that summary judgment cannot be granted, nor qualified immunity found, if material facts

are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary

judgment, he shall so inform the court prior to the date the summary judgment motion is due.

4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

served on defendant no later than twenty-eight (28) days from the date defendant's motion is filed.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v.

Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with

evidence showing triable issues of material fact on every essential element of his claim).

5.      Defendant shall file a reply brief no later than fourteen (14) days after plaintiff's

Case No. 16-cv-01090 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE
REGARDING SUCH MOTION

4

opposition is filed.

   6.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

   7.   All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

   8.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

   9.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   **IT IS SO ORDERED.**

DATED:    7/25/2016

RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-01090 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE
REGARDING SUCH MOTION

5